## J. J. RIGGS *v.* NAPOLEON COKER.

SHERIFF'S SALE. *Pendente lite. Authority. Application of proceeds.*

> Where logs taken under a writ of seizure are sold *pendente lite* as perishable and expensive to keep, and, on recovery by the plaintiff, the proceeds are applied to the judgment, the defendant cannot recover the logs from the purchaser on the ground that, not being perishable or expensive to keep, they were improperly sold; and this, although his action to recover the logs was instituted before he was served with summons in the other suit.

FROM the circuit court of Tunica county.
HON. R. W. WILLIAMSON, Judge.

By an act approved March 11, 1884 (Laws, p. 84), it is provided that if the plaintiff who has sold personal property desires to establish a lien thereon while in the hands of the first vendee, he shall, on filing his declaration or evidence of debt, make affidavit that the property was sold for the debt in whole or in part, and thereupon a writ of seizure and

summons shall issue, etc.; and it shall be the duty of the officer to take possession of the property and safely keep the same and dispose of it in all respects as required by law in cases of replevin.

Section 2618, code 1880, authorizes an officer holding property under a writ of replevin to sell the same if it is perishable or expensive to keep.

In two actions, brought under the said act of 1884, by Bagswell & Nelson and Kirkland, Rich & Co., respectively, against appellant, J. J. Riggs, the sheriff of Tunica county seized certain saw-logs, valued at $7,500, and, deeming them perishable and expensive to keep, advertised and sold them pending the suit. This was before the defendant, Riggs, was served with summons. At the sale Coker, the appellee, purchased the logs, paying therefor $3,300. This amount was held by the officer to abide the judgment of the court in said actions. The logs having been delivered to Coker, Riggs, the defendant, brought this action of replevin against him to recover possession of them. After instituting this replevin suit, Riggs, having been personally summoned in above actions, appeared therein and moved in each case for a change of venue to Warren county, which, he contended, was the county of his residence. This motion was in each case denied, and, no further defense having been interposed, judgments were rendered in favor of plaintiffs, and the proceeds of the sale of the logs were ordered to be paid to said plaintiffs. Afterwards, the replevin suit came on for trial, and plaintiff, Riggs, proved his original purchase of the logs and possession thereunder, and rested. Thereupon, the defendant, Coker, offered in evidence the transcript of the records in the two suits above mentioned against Riggs, which showed his purchase at the sheriff's sale. The plaintiff objected to the introduction of the entire records in these cases, contending that only such portions thereof as showed the proceedings which took place prior to defendant's purchase at sheriff's sale should be introduced. Plaintiff then,

for the purpose of showing that the sheriff's sale was invalid, offered evidence to prove that the logs were not perishable or expensive to keep. This evidence was excluded by the court, which held that Riggs was concluded by the judgments which had been rendered in the actions against him.

A peremptory instruction was given in favor of the defendant. Verdict and judgment accordingly. Motion for new trial overruled, and plaintiff appeals.

*W. A. Percy,* for appellant.

The sheriff's sale was unauthorized, and conferred no title. The court should have sustained the motion to exclude the records of the two seizure suits. The right of the sheriff to make the sale could not depend on any subsequent proceedings in these suits. It depended solely on the character and condition of the property. If the sale was unauthorized, the circuit court had no confirmatory power over it. Attachment statutes are strictly construed, and should be especially so in respect to provisions directing a sale of property which is perishable or expensive to keep. Where it often happens, as it did here, that the sale was made before the defendant was served with summons, and presumably without notice to him, and at a price far below its value, if the officer does not proceed in strict conformity to law, he becomes a trespasser *ab initio,* and his acts are void. *Barrett* v. *White,* 14 Am. Dec.; *Hopkins* v. *Gibson,* 4 Cush., 143; *Rankin* v. *Dulaney,* 43 Miss., 197.

The power of a law court to order a sale of property must be given by statute. It requires evidence to give the court jurisdiction to order a sale of property as perishable. Waples on Attachment, 295, 318.

The sole effect of the attempted sale was to release the logs from the levy of the attachment. The appellant was the owner, and his right to resume possession at once accrued. No subsequent acts of the court could validate the sale. The action of the court cannot be any more *res judicata* against

appellant than it would be against a stranger who bought from him either before or after the court rendered judgment. *Kirby* v. *Caldwell,* 26 Miss., 103; *Goodman* v. *Moss,* 64 *Ib.,* 303.

The jurisdiction of the court was lost through the violation by an officer of the rules of proceeding enjoined on him by law. The subsequent steps were *coram non judice.* The sale was not a judicial one, and its validity depended on the character and condition of the property. It was, however, incumbent on appellee to show the existence of the facts which gave the sheriff power to sell. 55 Am. Dec., 464; 47 *Ib.,* 348; 43 *Ib.,* 47; 31 Conn., 498; *Root* v. *McFerrin,* 37 Miss., 17; *Davany* v. *Koon,* 45 *Ib.,* 71; *Phillips* v. *Doe,* 13 Smed. & M., 31; *Murdock* v. *Chaffe,* 67 Miss., 740; 46 Am. Dec., 216; 42 *Ib.,* 481; 50 *Ib.,* 688; 17 *Ib.,* 505; 4 Smed. & M., 630; 8 *Ib.,* 209; 11 *Ib.,* 505.

Even if the return of the sheriff was *prima facie* evidence of his power to make the sale, it was competent to dispute the *prima facie* case by showing that the logs were not perishable.

*Ira D. Oglesby,* for appellee.

It is the policy of the law to encourage purchasers at execution sales, and, therefore, full faith is reposed in the acts of the officer making the sale. Every reasonable precaution is thrown around the purchaser. *Natchez* v. *Minor,* 10 Smed. & M., 246; Rorer on Jud. Sales, § 57; Freeman on Executions, § 339.

Independently of statutory power, it is held that an officer has the right to sell perishable property, or such as would be absorbed by the expense of keeping it. 2 N. H., 87; Wade on Attachments, §§ 163, 230. And such sale may be had before service of summons. Waples on Attachment, 299; Wade on Attachment, § 45.

Riggs is precluded from claiming the property by the judgments in the seizure suits against him. Rorer on Void

Jud. Sales, §§ 44, 468; Waples on Proceedings in Rem, § 111; *Young* v. *Keller*, 7 S. W. Rep., 293.

Under the sale, the proceeds stood in lieu of the property, and, having been condemned by the judgments, defendant was bound just as though the property had remained *in custodia legis*. Waples, 295; Wade, § 28; 56 Am. Dec., 430; 65 *Ib.*, 84; 10 Smed. & M., 246.

It cannot be that the validity of the sale will depend wholly on extrinsic evidence. Surely it cannot be shown in a collateral proceeding by such evidence that the sale was void. The most that could be said in favor of appellant is that the sale was voidable. He could have avoided it in the original suits by showing what he seeks to show here. If appellant has any remedy now, it is against the sheriff.

If Coker did not get title to the property, he held it as bailee for the sheriff. Certainly, before the suits were ended and after the lawful levy, defendant did not have the right of possession. *Jayne* v. *Dillon*, 28 Miss., 283.

Argued orally by *W. A. Percy*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

The purchaser at the sale made by the sheriff acquired title to the logs as against the defendant in the suit in the progress of which the sale was made, and that person cannot maintain an action against such purchaser, whether the logs should have been sold or not, upon the facts shown by this record.

*Affirmed.*